UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                        No. 02-4115

BENJAMIN CLIFTON BRASINGTON, III,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-322)

Submitted: June 20, 2002

Decided: July 15, 2002

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Benjamin Clifton Brasington, III, appeals the twenty-seven-month sentence imposed upon his conviction for conspiring to manufacture and distribute unauthorized electronic devices and equipment, in violation of 18 U.S.C. § 371 (1994), 47 U.S.C.A. § 605(e)(4) (West 2001), and counterfeiting, in violation of 18 U.S.C.A. § 474 (West 2000). On appeal, Brasington challenges the two-level increase in his offense level for use of a special skill to facilitate the former offense. *See U.S. Sentencing Guidelines Manual* § 3B1.3 (1998). We affirm.

Brasington, a DirecTV dealer and installer, modified the internal computer microchips of satellite access cards. He then sold many of the modified cards, enabling the purchasers to obtain DirecTV programming for which they had not paid. We conclude that his ability to modify the microchips constituted a "special skill" under USSG § 3B1.3 and that the district court did not clearly err in enhancing Brasington's offense level by two levels. We note in particular that Brasington's actions required a level of sophistication far beyond that of the ordinary computer user, and we find that the facts of this case are more akin to those in *United States v. Petersen*, 98 F.3d 502 (9th Cir. 1996) (holding that self-taught ability to hack into computer systems warrants special skill assessment), than those in *United States v. Godman*, 223 F.3d 320 (6th Cir. 2000) (remanding for resentencing upon finding that using commonly available desktop publishing software to produce counterfeit Federal Reserve Notes does not require sophisticated skill level warranting enhancement under USSG § 3B1.3).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*